UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chez Richards,<br><br>                                        *Plaintiff,*<br><br>v.<br><br>Samuel Bienenfeld and Sara Bermish-Bienenfeld,<br><br>                                        *Defendants.* | Civ. No. 24-6554<br><br>**COMPLAINT**<br><br>**Jury trial demanded.** |

Plaintiff Chez Richards, by and through her attorneys Kakalec Law PLLC, as and for her Complaint, alleges as follows:

Preliminary Statement

1. For nearly five years, Plaintiff Chez Richards ("Plaintiff") worked as a domestic worker at the home of Defendants Samuel Bienenfeld and Sara Bermish-Bienenfeld ("Defendants"). Ms. Richards worked long hours – regularly working 10 or more hours per day – caring for the Defendants' two children and performing household tasks at the Defendants' home.

2. Notwithstanding these long hours caring for Defendants' children, Defendants paid Plaintiff a subminimum wage as little as $10.40 per hour. Further, Defendants never paid Plaintiff at the appropriate overtime rate for the hours she worked above 40 in a work week. Instead of complying with state and federal laws, Defendants paid Ms. Richards a weekly flat rate of pay that fell far below the legal minimum wage.

3. Ultimately, despite her years of service, Defendants unlawfully terminated Plaintiff because of her pregnancy when she told Defendants she was roughly six months pregnant. Defendants told Plaintiff that they did not think she could "manage" the job while pregnant and that they would need to find a replacement who was not pregnant, in clear violation of New York law.

4. To remedy these legal violations, Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; New York Labor Law §190 *et seq.* and § 200 *et seq.* ("NYLL"); the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL").

5. Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, attorneys' fees and costs, and other appropriate legal and equitable relief pursuant to the FLSA, NYLL, NYSHRL, and the NYCHRL.

Jurisdiction and Venue

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 201 *et seq.* (FLSA).

7. The Court has jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff's state law claims are part of the same case or controversy as Plaintiff's federal claim.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391. A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

9. Defendants reside and/or do business in this district.

Parties

10. Plaintiff Chez Richards is a resident of New York State.

11. Plaintiff was employed by Samuel Bienenfeld and Sara Bermish-Bienenfeld between July 2017 and January 2022.

12. At all times relevant to this action, Ms. Richards was a non-exempt employee of Defendants within the meaning of the FLSA, NYLL, NYSHRL, and NYCHRL.

13. Defendants Samuel Bienenfeld and Sara Bermish-Bienenfeld, a married couple, are residents of New York State and New York City.

14. At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the FLSA, NYLL, NYSHRL, and NYCHRL.

15. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, NYLL, NYSHRL, and NYCHRL.

*Factual allegations*

16. On or around July 27, 2017, Defendants hired Plaintiff Chez Richards as a full-time domestic worker in their home in the Bronx. Plaintiff thereafter worked for Defendants until she was terminated in 2022.

17. Plaintiff was hired to care for Defendants' children: initially one child and in 2020 a second.

18. Plaintiff did not reside in Defendants' home during her employment.

*Wage & hour allegations*

19. When she first began working, Plaintiff worked Monday through Friday from 7:00 a.m. to 5:00 p.m.

20. In 2021, Plaintiff began working Monday through Friday from 7:30 a.m. to 5:30 p.m.

21. Plaintiff was not provided a lunch break or other breaks during the day. Instead, Plaintiff was responsible for childcare and other household duties throughout her workday.

22. Frequently, Plaintiff worked later than her scheduled work end time of 5:00 or 5:30 p.m. Plaintiff was not paid any additional wages for the hours she worked past her scheduled hours.

23. Plaintiff regularly worked at least 50 hours per week.

24. Throughout her employment, Defendants paid Plaintiff a flat weekly rate that did not vary depending on the hours that Plaintiff worked.

25. At the beginning of her employment, in 2017, Ms. Richards was paid $520 per week.

26. In each of the years 2018, 2019, and 2020, Ms. Richards received a $10 weekly increase, to $530, $540, and $550 per week, respectively.

27. Beginning in April 2021, Ms. Richards's pay was raised to $625/week.

28. Defendants paid Plaintiff each week in cash.

29. Upon information and belief, Defendants did not keep contemporaneous records of the hours Plaintiff worked on a daily basis. Plaintiff was not asked to complete a timesheet or otherwise record her hours worked on a daily basis.

30. Similarly, Defendants never furnished Plaintiff paystubs as required by NYLL § 195(3). Defendants never provided Plaintiff any contemporaneous records of Plaintiff's actual hours worked each week.

31. At all times of her employment, Plaintiff's hourly rate of pay fell below the applicable New York State minimum wage.

32. For the hours she worked over forty (40) each week, Defendants never paid Plaintiff the legal overtime rate of at least one-and-a-half times her regularly hourly rate—or, as here, at least 150% of the applicable minimum wage.

33. Instead, Ms. Richards was paid the same flat weekly rate each week.

34. On a regular basis, the interval between the beginning and the end of Plaintiff's workday exceeded ten hours. However, Defendants never paid Plaintiff an additional hour at the minimum wage on the days in which the spread of hours exceeded ten hours, as required by 12 N.Y.C.R.R. § 142-2.4.

35. In contravention of NYLL § 161, Defendants did not pay Plaintiff at least three days of rest in each calendar year at her regular rate of compensation or at the applicable minimum wage and overtime rates.

36. At the time they hired Plaintiff, Defendants failed to furnish to Plaintiff a written notice in her primary language of her wage rate, manner of payment, regular pay date, or any of the other information required by NYLL § 195(1).

37. Similarly, with each change in Plaintiff's rate of pay, Defendants did not furnish Plaintiff a written notice or a disclosure of the information required by NYLL § 195(1).

38. Defendants never furnished Plaintiff with statements with each payment of wages that specified the dates covered by payment, the rate of pay, and other information required by New York Labor Law 195(3).

39. Defendants failed to post, in a visible and accessible location, the required posters informing employees of their rights under New York Labor Law.

40. Because Defendants failed to post the information required by NYLL, the statute of limitations on her Labor Law claims should be equitably tolled to allow Plaintiff to recover for legal violations during the entire period of her employment.

41. In addition, the 228-day tolling of the NYLL statute of limitations during the COVID-19 pandemic is applicable to Plaintiff's claim. *See McLaughlin v. Snowlift, Inc.*, 185 N.Y.S.3d 212, 214 (2d Dep't 2023).

*Termination allegations*

42. In January 2022, Plaintiff informed Defendants that she was approximately six months pregnant.

43. When Plaintiff disclosed her pregnancy to Defendants, Defendants first responded by congratulating her. Soon thereafter, however, Defendant Bienenfeld told Plaintiff she "looked tired," and Defendant Bermish-Bienenfeld demonstrated his agreement with this statement.

44. Shortly after telling Plaintiff that she "looked tired," Defendants terminated Plaintiff's employment. Defendants told Plaintiff that they did not think she could manage the job while she was pregnant.

45. Defendants told Plaintiff that they needed to terminate her so that they could find a replacement, presumably someone who was not pregnant.

46. Plaintiff's last day of work was on or about January 7, 2022.

47. At the time she was terminated, Plaintiff was qualified for the job she held with Defendants. Plaintiff continues to be qualified for this position.

*Employer allegations*

48. Defendants Samuel Bienenfeld and Sara Bermish-Bienenfeld each had the power to establish and did establish the terms and conditions of Plaintiff's employment.

49. Defendants Samuel Bienenfeld and Sara Bermish-Bienenfeld determined the salary to be paid to Plaintiff.

50. Defendants Samuel Bienenfeld and Sara Bermish-Bienenfeld had the power to hire and did in fact hire Plaintiff.

51. Defendants Samuel Bienenfeld and Sara Bermish-Bienenfeld had the power to fire and did in fact fire Plaintiff.

52. Defendants Samuel Bienenfeld and Sara Bermish-Bienenfeld had the power to control and did in fact control the day-to-day work activities of Plaintiff.

53. Defendants: (1) shared the services of the Plaintiff, (2) shared direct or indirect control over Plaintiff, (3) acted in the interest of one another, and (4) constitute "joint employers" of Plaintiff as defined by federal and state law.

54. The Defendants' actions and omissions alleged above were willful.

55. Because each Defendant was Plaintiff's "employer," the Defendants are jointly and severally liable to Plaintiff for her damages in this action in an amount to be determined at trial.

**FIRST CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**

56. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

57. Defendants willfully failed to pay Plaintiff an overtime at a rate of at least one-and-a-half times her regular hourly rate for every hour Plaintiff worked above forty (40) hours in each work week. This failure to pay at the appropriate overtime rate violates 29 U.S.C. § 207(a) and its implementing regulations.

58. By failing to keep contemporaneous records of Plaintiff's employment, Defendants also violated the requirements of 29 U.S.C. § 211(c).

59. As a consequence of Defendants' unlawful actions and omissions, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, in accordance with 29 U.S.C. § 216(b).

60. Plaintiff also seeks, and is entitled to, reasonable attorneys' fees incurred by her counsel, costs of this action, and interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(New York Labor Law – Unpaid Minimum Wage)**

61. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

62. At all times relevant to this action, Defendants failed to pay Plaintiff at the applicable legal minimum hourly wage for every hour worked, in violation of NYLL § 652.

63. Defendants willfully failed to pay Plaintiff at the required minimum wage rate in violation of the NYLL § 198 and its attendant regulations.

64. As a consequence of Defendants' unlawful actions and omissions, Plaintiff is entitled to her unpaid minimum wages plus an equal amount in liquidated damages, pursuant to NYLL §§ 198 and 663.

65. Plaintiff also seeks, and is entitled to, her reasonable attorneys' fees, costs of this action, and interest, pursuant to the NYLL §§ 198, 663.

## THIRD CAUSE OF ACTION
**(New York Labor Law – Unpaid Overtime)**

66. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

67. Defendants willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times her regularly hourly rate (or at least one and half times the legally-applicable minimum wage rate) for every hour she worked above forty (40) hours in each work week.

68. Defendants' failure to pay the required wages as set forth above was willful within the meaning of NYLL §§ 198 and 663.

69. As a consequence of Defendants' unlawful actions and omissions, Plaintiff is entitled to her unpaid overtime wages plus an equal amount in liquidated damages, in accordance with NYLL §§ 170, 198, and 663.

70. Plaintiff also seeks, and is entitled to, reasonable attorneys' fees incurred by her counsel, costs of this action, and interest.

## FOURTH CAUSE OF ACTION
**(New York Labor Law – Spread of Hours)**

71. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

72. Plaintiff regularly worked days in which the end of her work shift was more than ten (10) hours from the beginning of her work shift.

73. Defendants, in violation of 12 N.Y.C.R.R. § 142-2.4, never paid Plaintiff an additional hour of pay at the minimum wage rate for every day in which the interval between the beginning and the end of Plaintiff's workday was more than ten (10) hours.

74. Plaintiff is entitled to her unpaid spread-of-hours wages as mandated by NYLL, plus an additional 100 percent as liquidated damages, as a consequence of the Defendants' unlawful actions and omissions, in accordance with NYLL §§ 198 and 663.

75. Plaintiff also seeks, and is entitled to, reasonable attorneys' fees incurred by her counsel, costs of this action, and interest.

### FIFTH CAUSE OF ACTION
**(New York Labor Law – Wage Notice and Wage Statement Violations)**

76. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

77. Defendants failed to provide to Plaintiff, at the time of her hiring or thereafter, accurate wage notices in her primary language containing her rates of pay and other information as required by NYLL § 195(1).

78. Defendants also failed to provide to Plaintiff, with every payment of wages, accurate wage statements that included all of the information required under NYLL § 195(3).

79. For Defendants' violation of NYLL § 195(1), Plaintiff is entitled to $50 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL §198(1-b).

80. For Defendants' violation of NYLL § 195(3), Plaintiff is entitled to $250 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL §198(1-d).

81. Plaintiff also seeks, and is entitled to, reasonable attorneys' fees incurred by her counsel, costs of this action, and interest.

## SIXTH CAUSE OF ACTION
**(New York State Human Rights Law – Pregnancy Discrimination Violation)**

82. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

83. In violation of N.Y. Exec. Law § 296 (1)(a), Defendants terminated Plaintiff because she was pregnant.

84. Plaintiff was and continues to be qualified for the job from which she was terminated.

85. Defendants provided no other legitimate reason for Plaintiff's termination.

86. For Defendants' violation of N.Y. Exec. Law § 296 (1)(a), Plaintiff is entitled to compensatory and punitive damages pursuant to N.Y. Exec. Law § 297(9).

87. Plaintiff also seeks, and is entitled to, reasonable attorneys' fees incurred by her counsel, costs of this action, and interest.

## SEVENTH CAUSE OF ACTION
**(New York City Human Rights Law – Pregnancy Discrimination Violation)**

88. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

89. In violation of N.Y.C. Admin. Code § 8-107, Defendants terminated Plaintiff because she was pregnant.

90. Plaintiff was and continues to be qualified for the job from which she was terminated.

91. Defendants provided no other legitimate reason for Plaintiff's termination.

92. For Defendants' violation of N.Y.C. Admin. Code § 8-107, Plaintiff is entitled to compensatory and punitive damages pursuant to N.Y.C. Admin. Code § 8-502.

93. Plaintiff also seeks, and is entitled to, reasonable attorneys' fees incurred by her counsel, costs of this action, and interest.

WHEREFORE, Plaintiff requests that this Court enter an Order:

a. assuming jurisdiction over this action;

b. declaring that Defendants violated the FLSA, NYLL, NYSHRL, and NYCHRL;

c. permanently enjoining Defendants from further violations of the FLSA, NYLL, NYSHRL, and NYCHRL;

d. granting judgment to Plaintiff on her FLSA claims and awarding Plaintiff her unpaid wages and an equal amount in liquidated damages;

e. granting judgment to Plaintiff on her NYLL claims and awarding Plaintiff her unpaid minimum wage, spread-of-hours, and overtime wages; liquidated damages equal to all unpaid wages; and damages for the wage notice and wage statement violations as set forth herein;

f. granting judgment to Plaintiff on her NYSHRL claim and awarding Plaintiff compensatory and punitive damages as provided for by statute;

g. granting judgment to Plaintiff on her NYCHRL claim and awarding Plaintiff appropriate compensatory and punitive damages as provided for by statute;

  h. awarding Plaintiff all damages sustained as a result of Defendants' conduct, including damages for emotional distress, humiliation, embarrassment, and anguish;

  i. awarding Plaintiff prejudgment and post-judgment interest as allowed by law;

  j. awarding Plaintiff her costs of this action and reasonable attorneys' fees; and

  k. granting such further relief as the Court deems just and proper.

DATED: New York, NY
    August 29, 2024

            KAKALEC LAW PLLC

            */s/ Patricia Kakalec*

            Patricia Kakalec
            80 Broad Street, Suite 703
            New York, NY 10004
            (212) 705-8730
            Patricia@KakalecLaw.com