UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEZ RICHARDS,

                Plaintiff,

-against-

SAMUEL BIENENFELD and SARAH BERMISH-BIENENFELD,

                Defendants.

24-CV-6554 (JGLC)

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Defendants move to dismiss this action for lack of personal jurisdiction due to improper service. ECF No. 18 ("Mot."). For the reasons stated herein, the motion is DENIED.

## BACKGROUND

Plaintiff filed this action on August 29, 2024. ECF No. 1 ("Compl."). Plaintiff was required to effectuate proper service within 90 days of that date, which was November 27, 2024. FED. R. CIV. P. 4(m). Plaintiff represents that on November 20, 2024, service was attempted at the address where Defendants had resided and where Plaintiff had worked for them in the Bronx. ECF No. 22-1; Compl. ¶ 1. Process server Loui Pasion affirms that he saw Defendants' surname on the door and proceeded to knock on the door several times, until a male tenant affirmed that Defendants did not reside there. ECF No. 22-1.

On December 16, 2024, Plaintiff sought a one-month extension of time to serve, explaining that service had been attempted and that Plaintiff was investigating other addresses and service methods. ECF No. 8. Finding good cause, the Court granted the extension and gave Plaintiff until January 17, 2025 to serve Defendants. ECF No. 10.

Plaintiff represents that on January 17, 2025, service was attempted four times in two states. Process server Robert Gelabert represents that he unsuccessfully attempted service on that morning at the Defendants' home in Connecticut. ECF No. 22-4. Gelabert then attempted service at Defendant Sarah Bermish Bienenfeld's place of employment, and was told that Defendant had left work for the day. ECF No. 22-5. Meanwhile, in Manhattan, Angie Contreras, a paralegal employed by the firm representing Plaintiff in this action, attempted service at Defendant Samuel Bienenfeld's place of employment. ECF No. 22-6 at 1. Contreras affirms that building security did not allow Contreras building access to complete service. *Id.* at 2.

Back in Connecticut, Eric Rubin was able to complete service at Defendants' home. ECF No. 22-3. Rubin affirms that after confirming the residence belonged to Defendants based on the registration of the vehicle parked outside the home, Rubin rang the doorbell and knocked on the door. *Id.* at 2. Despite hearing footsteps, no tenant opened the door. *Id.* Rubin then completed service by leaving the documents at the residence and mailing them to that residence. *Id.*

On February 7, 2025, counsel appeared for Defendants. ECF No. 15. That same day, Defendants filed a motion to dismiss for improper service. ECF No. 16.

## DISCUSSION[1]

Federal Rule of Civil Procedure 4(e)(1) allows for service "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Applicable New York law provides that individuals may be served by delivering summons to the person to be served, or by delivering summons to a suitable person as defined by statute, along with mailing the summons to the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

person's last known residence. N.Y. C.P.L.R. § 308(1)–(2) (McKinney 2025). If neither of these methods of personal service are possible, the process server may use "nail and mail" service, which is serving an individual by "affixing" the summons to the place of business or residence of the person to be served and mailing the summons to that individual. *Id.* § 308(4). "Nail and mail" service is only proper where a party has unsuccessfully attempted personal service "with due diligence." *Id.*

If there is insufficient service of process, a complaint may be dismissed. *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999). "[T]he burden of proof is on the plaintiff to show the adequacy of service." *Id.* However, even when service of process is improper, "dismissal is not invariably required." *Aries Ventures Ltd. v. Axa Fin. S.A.*, 729 F. Supp. 289, 303 (S.D.N.Y. 1990). Courts have discretion to retain a case in the event of improper service, and should exercise that discretion particularly where alleged defects in the service of process cause no prejudice. *See, e.g.*, *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F. Supp. 133, 137–38 (S.D.N.Y. 1991).

Here, even if service were improper, the Court sees no reason to dismiss the complaint rather than grant an extension to effectuate proper service. This is especially true because Defendants have failed to state reasons why the alleged defects in service have caused them prejudice. Indeed, if service were improper, the Court would quash service and direct Plaintiff to serve Defendants properly. *See Aries Ventures Ltd.*, 729 F. Supp. at 303.

But that is not necessary here, because the service on January 17, 2025 by Eric Rubin was proper under New York law. Rubin rightfully used "nail and mail" service after previous attempts at personal service, exercised with due diligence, were unsuccessful. To show due diligence, Plaintiff has submitted exhibits and affirmations attesting to multiple attempts at personal

service. *See* ECF Nos. 22-1–22-6. Defendants do offer some evidence casting doubt on whether service was attempted exactly as described by the process servers' affirmations. *See* ECF No. 23-1–23-4. But the evidence is insufficient to negate the fact that Plaintiff indeed attempted service multiple times, in multiple states, at both residences and workplaces associated with Defendants. Plaintiff could have made a stronger showing of diligence if they had attempted service on multiple days prior to the service deadline, but that is not required given the efforts shown by existing evidence. *See Allstate Ins. Co. v. Rozenberg*, 771 F. Supp. 2d 254, 261 (E.D.N.Y. 2011) (noting that there is no "per se rule as to what constitutes due diligence" and that a court should instead "look to the totality of the circumstances").

Defendants also argue that the Court should dismiss the complaint for failure to properly serve Defendants within the original 90-day deadline. Mot. at 3–4. The Court granted the extension on that deadline because the Court found good cause to do so. ECF No. 10. And, once again, Defendants have not explained why failure to effectuate service within the original deadline caused prejudice. The Court sees no reason to reconsider that grant of extension.

For the foregoing reasons, Defendants' motion to dismiss for improper service is DENIED. Counsel are reminded to submit a joint status letter and proposed case management plan one week after the settlement conference. *See* ECF No. 14.

Dated: May 28, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge

4